## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION - TOLEDO

| | | |
|---|---|---|
| Casey Prokopow<br>431 S North Curtice Road<br>Oregon, Ohio 43616 | *<br><br>* | Case No.<br><br>Honorable |
| Plaintiff, | * | |
| v. | * | |
| Michels Corporation<br>817 Main Street<br>Brownsville, Wisconsin 53006-0128 | *<br><br>* | **COMPLAINT** |
| And | * | |
| Ronald Johnson<br>817 Main Street<br>Brownsville, Wisconsin 53006-0128 | *<br><br>* | Heather M. Prokopow (102402)<br>Prosih LLC<br>P.O. Box 167123<br>Oregon, Ohio 43616 |
| And | * | (415) 758-0904<br>prosihllc@gmail.com |
| Timothy Thurston<br>26933 Eckel Road<br>Perrysburg, Ohio 43551 | *<br><br>* | Attorney for Plaintiff |
| Defendants. | | |

Now comes the Plaintiff, Casey A. Prokopow, by and through his attorney, Heather M. Prokopow, and hereby states for his Complaint as follows:

1. On March 23, 2021 Plaintiff accepted a job offer to work for Defendant, Michels Corporation, at their Perrysburg location as an at-will employee.

2. On Wednesday November 2, 2022 Defendant, Ronald Johnson, was at the Perrysburg location for unknown reasons.

1

3. On Thursday November 3, 2022 it was randomly announced to all Perrysburg employees that Plaintiff's supervisor, Mr. Austin Wagner, was no longer working for Defendant, Michels Corporation. This announcement was made by Defendant, Ronald Johnson.

4. On Thursday November 3, 2022 Defendant, Ronald Johnson, informed all Perrysburg employees that the location was in disrepair and needed to be improved with regards to safety. Plaintiff inquired of Defendant what safety approaches and facility structures needed improvement. Defendant failed to answer.

5. On Friday November 4, 2022 at approximately 8:30 am Plaintiff was terminated from employment with Defendant, Michels Corporation, by Defendants, Ronald Johnson and Timothy Thurston.

6. During the meeting where Plaintiff was terminated, Plaintiff inquired the reasons for termination. Defendant, Ronald Johnson, simply informed Plaintiff "It's not working out."

7. Following Plaintiff's termination, Defendant, Ronald Johnson, called all Perrysburg employees for a meeting, reason for the meeting was unknown. Defendant then informed all Perrysburg location employees that Plaintiff was terminated for "safety concerns."

8. That said statement made by Defendant, Ronald Johnson, constitutes slander in accordance with O.R.C 4113.71(B), O.R.C. 2739.01, and 28 U.S.C. § 4101.

9. That Plaintiff had performed all job duties in accordance with industry standards and had a reputation for consistently performing his duties with safety in mind for the duration of employment with Defendant, Michels Corporation.

10. That Plaintiff had gone so far as to ask Defendant, Timothy Thurston, for additional safety equipment to further improve safety precautions in the workplace. These requests went unanswered.

11. Prior to Plaintiff's termination Plaintiff had not had a single write-up, complaint, "talking-to," meeting for improvement, or otherwise inadequately performed his duties in over a year (365 days) and had reported a multitude of safety hazards and safety violations to Defendant, Michels Corporation, on Defendant's provided Human Performance Observation Cards for Defendant to properly address needed repairs.

12. That Defendant, Ronald Johnson, did not follow protocols and procedures as required by the employer and Defendant, Michels Corporation, for Plaintiff's termination from employment.

13. That Plaintiff's Termination by Defendants, Ronald Johnson and Timothy Thurston, has been interpreted as and is retaliation to Plaintiff for his requests for added safety measures and his direct inquiry of Defendant, Ronald Johnson, with regards to what was in disrepair and needed improvements within the Perrysburg location facilities.

14. That such termination is in violation of O.R.C. 4101.11 and O.R.C. 4101.15 as Defendants, Timothy Thurston, Ronald Johnson, and Michels

corporation did not "do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters." as required by state law.

15. Plaintiff states that Defendant, Timothy Thurston, Ronald Johnson, and Michels Corporation, are in violation of O.R.C. 4101.11, O.R.C. 4101.15, O.R.C. 4113.71(B), O.R.C. 2739.01 and 28 U.S.C. § 4101 resulting from Defendant's wrongful termination of Plaintiff, slander of Plaintiff, and harm to Plaintiff's reputation.

16. That Plaintiff, Casey Prokopow, specifically requests a Jury Trial as to any and all causes of action listed in this complaint.

17. That Plaintiff demands One Hundred and Ten Thousand and 0/100 dollars ($110,000.00) to compensate for loss of employment, costs incurred seeking new employment, attorneys fees, costs associated with this action, and immeasurable harm to Plaintiff's reputation resulting from Defendant's actions.

**WHEREFORE,** Plaintiff respectfully requests the Court grant him a judgment in the sum of $110,000.00, court costs, attorneys fees, and any such further relief as the Court may find just and equitable under the circumstances.

Respectfully Submitted,

*[signature]*

Heather M. Prokopow (102402)
Attorney for Plaintiff
Prosih LLC
P.O. Box 167123
Oregon, Ohio 43616
prosihllc@gmail.com

4