UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Casey Prokopow,                                     Case No. 3:23-cv-683

         Plaintiff,

v.                                                     ORDER

Michels Corporation, et al.,

         Defendants.

On March 31, 2023, Plaintiff Casey Prokopow, through counsel, filed this action. (Doc. No. 1). In the Complaint, Plaintiff states no specific basis for federal subject matter jurisdiction. But, on the civil cover sheet, Plaintiff seeks to invoke this court's diversity jurisdiction. (Doc. No. 1-5). This is consistent with the substance of the Complaint, which states only state law claims.[1]

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1).

Other than identifying the parties' addresses in the case caption, Plaintiff states nothing about any parties' citizenship in the Complaint. From the addresses listed, it appears complete diversity does not exist as both Plaintiff and Defendant Timothy Thurston both possess Ohio

---

[1] Plaintiff references 28 U.S.C. § 4101. But it appears that Plaintiff may merely cite this for a definition of "defamation," §4101(1), as there is no indication in the Complaint that the SPEECH Act governing the recognition of foreign defamation judgments applies here. Therefore, as stated, this case presents no federal question. 28 U.S.C. § 1331.

addresses. Still, I cannot verify complete diversity does not exist without further representations by Plaintiff.

To maintain this action in federal court, Plaintiff shall file an amended complaint stating the necessary jurisdictional allegations for me to determine the citizenship of each party (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations). Plaintiff may also take this opportunity to address venue and clearly state the cause or causes of action he seeks to assert as separate counts or claims.

The First Amended Complaint shall be filed by April 28, 2023. Should Plaintiff determine that complete diversity does not exist, Plaintiff shall file a notice of voluntary dismissal by the same date. After all, if subject matter jurisdiction does not exist, I will be required to dismiss the action after receiving the First Amended Complaint. Fed. R. Civ. P. 12(h)(3).

All responsive deadlines are stayed until further Order of the court, after I have confirmed this court has subject matter jurisdiction over this case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge